UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL TOOLE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CALIFORNIA REHABILITATION<br>CENTER, MEDICAL DEPARTMENT, et<br>al.,<br><br>　　　　　Defendants. | NO. EDCV 11-1704 UA (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING**<br>**COMPLAINT WITH LEAVE TO AMEND AND**<br>**AUTHORIZING DISCOVERY OF "DOE"**<br>**DEFENDANTS** |

On October 25, 2011, plaintiff Earl Toole ("Plaintiff") lodged a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") against various defendants. On December 28, 2011, the Court granted Plaintiff's request to proceed in forma pauperis. For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

Congress has mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. McKeever v. Block, 932 F.2d 795, 797-98 (9th Cir. 1991).

Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff attempts to allege civil rights violations against the following defendants:  (1) California Rehabilitation Center ("CRC"), Medical Department; (2) John Doe, a physician at the CRC; and (3) Jane Doe, a registered nurse at the CRC (collectively, "Defendants" or "Doe Defendants").  (Complaint at 1, 3).[2]  Plaintiff alleges that both John Doe and Jane Doe delayed medical treatment after Plaintiff notified them that he was urinating blood, causing him to suffer emotional distress and physical pain.  (Id. at 5-6).

Plaintiff alleges that after informing his dorm officer at approximately 7:30 p.m. on December 14, 2008 that he was urinating blood, he had two telephone conversations that same evening with Jane Doe in which he sought permission to go to the medical unit for immediate medical care.  (Complaint at 5).  During the first call, which took place shortly after 8 p.m., Jane Doe told Plaintiff that he could not come to the prison's medical unit immediately because it would soon

---

[2]  Although the caption of the Complaint names the CRC as the lead Defendant, the list of Defendants within the body of the Complaint names only John Doe and Jane Doe.  (Complaint at 1, 3).

be count time and that he should call back after the count call. (Id.). During the second call, which took place shortly after 10 p.m., Jane Doe once again told Plaintiff that he could not come to the medical unit immediately because it would soon be count time. (Id.). It was only on Plaintiff's third call to the medical unit, shortly after midnight, that he was given permission by a different nurse to go to the medical unit. (Id.).

After Plaintiff reported to the medical unit, a call was placed to John Doe for further instructions. John Doe told the medical unit to funnel Plaintiff's urine to see if he was passing a gallstone. (Complaint at 6). According to Plaintiff,

> After this process was done, the nurse let "Dr. John Doe" know that I was not passing a gallstone. The Doctor did not give them further instructions on medical treatment, he merely had them write me another pass to come back in the morning when he got to work, stating at this time there was nothing he could do for me. I was sent back to my dorm in pain to wait until the next morning for the Dr. to come to work.

(Id.). Plaintiff further alleges that when John Doe arrived, "he had me transferred to the Regional Medical Center" where Plaintiff spent five days in hospital receiving treatment for his "medical condition that Dr. John Doe did not deem an emergency." (Id.).

Plaintiff seeks "$500,000.00 for the emotional pain, stress, distress and suffering of physical pain." (Id. at 7).

3

**DISCUSSION**

Under 28 U.S.C. § 1915A(b)(1), the Court must dismiss Plaintiff's Complaint because it fails to state a claim upon which relief can be granted. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1128-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A. Plaintiff Has Failed To State A Claim For Deliberate Indifference To Serious Medical Needs**

Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment. West v. Atkins, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). A prisoner must show that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that the officials had a sufficiently culpable state of mind in denying the proper medical care. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995). There must be a purposeful act or failure to act on the part of the official resulting in harm to Plaintiff. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Deliberate indifference "'entails something more than mere negligence.'" Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)); see also Wood v. Housewright, 900 F.2d 1332, 1334

1  (9th Cir. 1990) ("[M]ere malpractice, or even gross negligence," in the provision of medical care does not establish a constitutional violation). A "mere delay" in providing medical treatment does not establish deliberate indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir. 1985). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." May v. Baldwin, 109 F.3d 557, 566 (9th Cir. 1997) (internal quotation marks omitted).

Plaintiff's claims fails to allege that Jane Doe and John Doe knew of and consciously disregarded an excessive risk to Plaintiff's health or safety. The current allegations state at most a claim for simple negligence, based either on the approximately four-hour delay Plaintiff allegedly experienced before being allowed to report to the medical unit or on the overnight delay he allegedly experienced before seeing a physician. As such, Plaintiff's claims against Jane Doe and John Doe are dismissed. However, leave to amend is granted.

**B.      Discovery Of "Doe" Defendants**

Plaintiff states that he does not know the names of the Doe Defendants, the nurse who allegedly twice denied him permission to report to the medical unit and the physician who delayed overnight treatment. (Complaint at 3, 5-6). Plaintiff is entitled to conduct discovery to obtain this information. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[W]here the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff

1  should be given an opportunity through discovery to identify the unknown
2  defendants, unless it is clear that discovery would not uncover the
3  identities, or that the complaint would be dismissed on other grounds.")
4  (alterations omitted) (internal quotation marks omitted).  Accordingly,
5  the Court authorizes Plaintiff to submit interrogatories to the
6  California Rehabilitation Center in Norco, California to determine the
7  names of the Doe Defendants.  **Plaintiff's discovery shall be served**
8  **pursuant to Federal Rule of Civil Procedure 31, a copy of which is**
9  **attached to this Order.**  Plaintiff must limit the scope of any discovery
10 request to the identification of the full names of John Doe and Jane
11 Doe, referred to in the Complaint as "Doctor at CRC Medical Department"
12 and "Medical Nurse at CRC," respectively.  (Complaint at 3).  The First
13 Amended Complaint must reflect the first and last names of the Doe
14 Defendants.  Furthermore, the caption of the First Amended Complaint
15 must list all Defendants against whom claims are raised and must not
16 list any persons or entities who are not the subject of a claim.

18       **C.   The California Rehabilitation Center and the**
19            **"Medical Department" Are Not Proper Defendants To**
20            **A Section 1983 Action**

22       Under the Eleventh Amendment, the State of California and its
23 official arms are immune from suit under 42 U.S.C. § 1983 in federal
24 court.  Howlett v. Rose, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed.
25 2d 332 (1990).  The California Rehabilitation Center, as an agency of
26 the State of California, and its "medical department", cannot be sued
27 under Section 1983.  See Dittman v. California, 191 F.3d 1020, 1025-26
28 (9th Cir. 1999) ("In the absence of a waiver by the state or a valid

congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relieve brought in federal court."); see also Pittman v. Oregon Employment Dep't, 509 F.3d 1065, 1071 (9th Cir. 2007)("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.") (citation omitted). Accordingly, these two entities are improper defendants for this Section 1983 action.

## CONCLUSION

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  If Plaintiff still wishes to pursue this action, he is granted forty-five (45) days from the date of this Memorandum and Order within which to conduct discovery to learn the names of the Doe Defendants and file a First Amended Complaint, curing the defects in the Complaint described above.  This means that Plaintiff must initiate discovery immediately, without further delay.  The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action.  It shall not refer in any manner to the original Complaint.  It shall avoid inclusion of "Doe" parties, but must instead identify defendants by their proper names.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is further advised that, if he does not wish to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A sample notice is attached to this order as well.**

DATED: January 4, 2012

                                                  /S/
                                     SUZANNE H. SEGAL
                                     UNITED STATES MAGISTRATE JUDGE